IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRICK'S QUALITY MEATS, INC.,** | |
| **Plaintiff,** | |
| v. | Case No. 19-CV-00864-NJR |
| **ADMIRAL PARKWAY, INC.,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendant Admiral Parkway, Inc. ("Admiral") (Doc. 8). For the reasons set forth below, the Court grants in part and denies in part the motion.

### FACTUAL & PROCEDURAL BACKGROUND

This action commenced on August 7, 2019, when Frick's Quality Meats, Inc. ("Frick") filed a Complaint against Admiral seeking remedies for breach of contract, negligence, and conversion related to the storage by Admiral of ham products produced for sale by Frick (Doc. 1). Admiral moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging that Frick's negligence and conversion claims should be dismissed pursuant to Illinois' economic loss doctrine, also known as the *Moorman* doctrine (Doc. 8). Frick filed a response asserting that the economic loss doctrine does not bar its negligence and conversion claims (Doc. 23).

## LEGAL STANDARD

The purpose of an motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to address the sufficiency of the complaint for a claim upon which relief can be granted. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## ANALYSIS

As alluded to earlier, Admiral's motion to dismiss Frick's negligence and conversion claims focuses on Illinois' common law economic loss doctrine. "'Economic loss' has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage to other property.'" *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1982) (citing Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966)). In *Moorman*, the Illinois Supreme Court held that economic loss was not recoverable under the tort theories of strict liability, negligence, and innocent

misrepresentation. *Moorman*, 435 N.E.2d at 449, 451-53. The policy reason underlying the *Moorman* doctrine states that "[w]hen the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery." *Id*. at 451.

*Moorman* found three exceptions to economic loss doctrine: where the plaintiff sustained damage, *i.e.*, personal injury or property damage, from a sudden or dangerous occurrence; where the plaintiff's damages were proximately caused by defendant's intentional, false representation, *i.e.*, fraud; and where the plaintiff's damages were proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions. *In re Chicago Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997). In *Chicago Flood*, which Frick mainly cites for support, the court held that lost perishable goods caused by a flood were above and beyond the plaintiffs' disappointed commercial expectation in continual electrical service, placing the damage within the first exception regarding a sudden or dangerous occurrence and, thus, falling outside the scope of the economic loss doctrine. *Id.* at 276. Courts have further recognized intentional torts as an additional exception. *See Dundee Cement Co. v. Chem. Labs., Inc.*, 712 F.2d 1166, 1170 (7th Cir. 1983); *see also ABC Trans Nat'l Transp., Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E.2d 1299, 1312-14 (Ill. App. Ct. 1980) (allowing recovery of lost profits where complaint alleged fraud, conspiracy, and breach of fiduciary duty); *Int'l Bhd. of Teamsters Local 734 Health and Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 661 (N.D. Ill. 1998) (acknowledging *Moorman* doctrine

allows recovery where the economic loss resulted from an intentional tort).

Here, there is no sudden or dangerous occurrence alleged, as Frick contends, that provides an exception to the *Moorman* doctrine. Taken as pleaded by Frick, this case centers on a storage temperature issue caused by Admiral directly, not some outside variable, and does not go above and beyond Frick's disappointed commercial expectations negotiated in its alleged contract. Therefore, Frick's negligence claim does not hold water and must be dismissed for lack of plausibility. That said, Frick has also pleaded the intentional tort of conversion. As the Seventh Circuit recognized in *Dundee*, the *Moorman* doctrine is inapplicable to intentional torts. Accordingly, Frick's conversion claim is not inconsistent with the *Moorman* doctrine, and it should not be dismissed.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Admiral's Motion to Dismiss (Doc. 8). The Court **GRANTS** Admiral's motion as to negligence in **Count II** based on Illinois law's treatment of that tort under the *Moorman* doctrine and **DISMISSES Count II** with prejudice. The Court **DENIES** Admiral's motion as to conversion in **Count III** based on Illinois law's treatment of intentional tort theories under the *Moorman* doctrine.

**IT IS SO ORDERED.**

DATED:   May 8, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**