IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRICK'S QUALITY MEATS, INC., a Missouri Corporation, d/b/a FRICK'S MEAT PRODUCTS, INC.<br><br>**Plaintiff,**<br><br>v.<br><br>ADMIRAL PARKWAY, INC., an Illinois Corporation,<br><br>**Defendant.** | Case No. 19-CV-00864-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are the remnants of Defendant Admiral Parkway, Inc.'s Motion to Compel (Doc. 32) that was largely resolved in the status conference held on August 20, 2020. For the reasons set forth below, the Court grants in part and denies in part the remainder of the Motion.

This action stems from Admiral's storage of ham products produced for sale by Frick's Quality Meats, Inc. (Doc. 1). Frick's alleges violations of state law for breach of contract, negligence, and conversion (*Id.*). As a counterclaim, Admiral alleges a violation of state law for breach of contract (Doc. 9). After the recent hearing, Frick's continues to object to production of thirteen documents that it claims are protected from discovery. (Doc. 44).

Frick's claims the thirteen documents it asserts are protected fall under the insurer-insured privilege. To establish insurer-insured privilege, a party must prove: "(1) the

identity of the insured; (2) the identity of the insurance carrier; (3) the duty to defend; and (4) that a communication was made between the insured and an agent of the insurer." *Chicago Trust Co. v. Cook Cnty. Hosp.*, 698 N.E.2d 641, 649 (Ill. App. Ct. 1998). The burden of establishing privilege is on the party claiming the privilege. *Caldwell v. Advocate Condell Med. Ctr.*, 87 N.E.3d 1020, 1036 (Ill. App. Ct. 2017). Here, Frick's has not met that burden. Frick's has provided no argument that its insurer, Sentry Mutual Insurance, has a duty to defend Frick's against Admiral's breach of contract counterclaim in this suit (Doc. 34). In fact, as Admiral points out, Sentry has no part in this suit; its only involvement in the situation is related to the loss that Frick's claims it suffered on the ham products it produced, which is what the communications in the privilege log between the insurer-insured demonstrate (Doc. 44). Sentry does not seem to have a duty to defend Frick's against Admiral's counterclaim, and Admiral's Motion to Compel is, therefore, **GRANTED** regarding eleven of the thirteen documents that only claim insurer-insured privilege.

Frick's claims two of the documents it asserts are protected also fall under attorney-client privilege and work product doctrine. In the privilege log, Frick's states that in those communications, Dave Fricks from Frick's spoke with its attorneys about the litigation at hand, including litigation strategy; damages; and insurance (Doc. 44, p. 2).

To establish attorney-client privilege, a party must prove that "(1) the statement originated in confidence that it would not be disclosed; (2) it was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services; and (3) it

remained confidential." *Pietro v. Marriott Senior Living Servs., Inc.*, 810 N.E.2d 217, 225 (Ill. App. Ct. 2004). Again, Frick's has not met the burden to prove these elements in its response to the Motion to Compel or the privilege log it submitted (Docs. 34, 44). The response does not address attorney-client privilege, even in the most general terms. The privilege log itself sets up the first two elements of attorney-client privilege, but does nothing to assert that the communications remained confidential. Frick's claim of attorney-client privilege fails.

Plaintiff's last hope is hitched to work product doctrine. Under federal law, documents prepared in anticipation of litigation are protected under the work product doctrine. FED. R. CIV. P. 26(b)(3)(A). Materials prepared by agents for an attorney are protected as if they were prepared specifically by an attorney. *United States v. Nobles*, 422 U.S. 225, 238 (1975). To determine whether work product protection applies, the materials sought to be protected must in fact have been prepared in anticipation of litigation. *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983). The documents described as communications between Frick's and its counsel discussing litigation, damages, and insurance meet the work product doctrine mark. Consequently, Admiral's Motion to Compel is **DENIED** regarding the two documents claiming work product doctrine protection.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS in part and DENIES in part** Admiral's Motion to Compel, finding that the eleven documents claiming insurer-

insured privilege alone are discoverable, while the remaining two documents that also claim work product are not.

**IT IS SO ORDERED.**

**DATED:   September 11, 2020**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**